## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,  )
425 Third Street SW, Suite 800  )
Washington, DC 20024,  )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,  )
v.  )　　Civil Action No.
　　　　　　　　　　　　　　　　　　　)
U.S. DEPARTMENT OF  )
HOMELAND SECURITY,  )
Office of the General Counsel  )
2707 Martin Luther King Jr. Avenue SE  )
Mailstop 0485  )
Washington, DC 20528-0485  )
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.  )
　　　　　　　　　　　　　　　　　　　)

## COMPLAINT

Plaintiff, Judicial Watch, Inc. brings this action against Defendant U.S. Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Homeland Security is an agency of the U.S. Government and is headquartered at 245 Murray Lane SW, Washington, DC 20528. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On May 12, 2020, Plaintiff served a FOIA request on the U.S. Secret Service ("Secret Service"), a component of Defendant U.S. Department of Homeland Security, seeking access to "All records related to a reported incident in 2009 in which a United States Secret Service Agent reportedly was involved in an altercation with, or attempted to strike, then Vice President Joe Biden" during a photo opportunity. According to the request, the records sought "shall include, but not be limited to, witness statements, the Agent's statement, victim's statement, alleged perpetrator's statement, incident reports, investigative reports, communications among USSS personnel regarding the incident, and disciplinary records related to the incident for the Agent in question." The request also referenced a news report regarding the incident. According to the news report, the Agent was suspended for a week because of the incident.

6. By letter dated May 13, 2020, the Secret Service acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned File Number 20200675.

7. By letter dated July 13, 2020, the Secret Service asserted that "there are no responsive records or documents pertaining to your request in our files." The letter did not deny that the 2009 incident occurred, but instead claimed that "the above mentioned file(s) has been destroyed" due to "retention standards" and that "[n]o additional information is available." The

letter advised Plaintiff that it could file an administrative appeal with the Secret Service's Deputy Director and provided instructions on when, where, and how the appeal should be filed.

8. On July 14, 2020, Plaintiff administratively appealed the Secret Service's July 13, 2020 determination by sending a letter to the Deputy Director explaining the basis for the appeal. The appeal was sent by certified U.S. mail to the address indicated in the Secret Service's July 13, 2020 determination. According to U.S. Postal Service records, Plaintiff's appeal was delivered on July 20, 2020.

9. As of the date of this Complaint, Defendant has failed to issue a determination on Plaintiff's administrative appeal.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Defendant is in violation of FOIA.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

13. Plaintiff has no adequate remedy at law.

14. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's administrative appeal by August 17, 2020 at the latest. Because Defendant failed to make a final determination on Plaintiff's appeal within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it

employed search methods reasonably calculated to uncover all records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  September 2, 2020                                  Respectfully submitted,

*/s/ Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Fax:   (202) 646-5199
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*